UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keyon Jamar Evans,

        Plaintiff,              Case No. 25-11574

v.

                                      Hon. Judith E. Levy
Karen McDonald, *et al.*,        United States District Judge

        Defendants.        Mag. Judge Kimberly G. Altman

_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE**

Keyon Jamar Evans, a pretrial inmate at the Oakland County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint largely appears to challenge the legality of his arrest and detention, but it also seems to address the treatment of his mental health condition at the jail. (ECF No. 1, PageID.3, 14–15.) The Court has reviewed the complaint and now dismisses it for failure to state a claim upon which relief can be granted.

**I. Legal Standard**

The Court permitted Evans to proceed without prepayment of fees. (ECF No. 5.) *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(2),

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Because Evans is self-represented, the Court construes his pleadings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

## II. Background

Evans is being held as a pretrial detainee at the Oakland County Jail on two cases. Evans names twelve defendants in his complaint – apparently all of whom are involved in his criminal cases: (1) Oakland Prosecuting Attorney Karen D. McDonald, (2) "Judge/Magistrate" Lisa L. Asadoorian of the 52nd District, (3) "Judge/Magistrate" Barron of the 28th District, (4) Oakland County Sheriff Michael J. Bouchard, (5) Police Officer Sean Brown, (6) "Judge/Magistrate" Smalls, (7) Complainant

3

Brandon Blanks, (8) Witness Rozell Blanks Sr., (9) Witness Tyra Banks, (10) Complainant Patrick Vanbiesbrouck, (11) Complainant Athar Sayeed, and (12) Complainant Rebekah Springer. (ECF No. 1, PageID.5–6.)

The complaint is difficult to understand and does not explicitly connect any of the Defendants with the few factual allegations that it makes. Evans states that he is "a disabled United States citizen who suffer[s] from a permanent mental disability." (ECF No. 1, PageID.3.) He asserts that he is "being discriminated & deprived of [his] rights under (ADA) Americans with Disability [ ]Act[ ] & being deprived of [his] rights of the United States Constitution as an 'accused' defendant." (*Id.*) The complaint states that Evans is being held in custody on excessive bail totaling $45,000, though he has no source of income other than his disability benefits. (*Id.*) Evans asserts that his excessive bail violates the Eighth Amendment and denies him due process under the Fourteenth Amendment. (*Id.*) Evans also asserts that he was held beyond 48 hours after a warrantless arrest without being brought before a magistrate for a probable cause hearing. (*Id.*) He then seems to indicate that there was

4

an arrest warrant, but that it was not signed. (*Id.*) Evans states that "[his] Fourth Amendment rights has also been violated." (*Id.*)

Among the attachments to the complaint (which mostly consist of documents related to his charges and arrest), there is a printout that appears to list the medication Evans is receiving at the jail. (*Id.* at PageID.14.) Evans writes on the printout,

> I'm being forced to take the mental medications of the jail which cause me to have adverse side affects that triggers episodes of PTSD, paranoia, and scizo mania behavior. I'm being denied my regular medications because they are considered controlled substances so the jail cannot provide them. My brain feels damaged and inpaired by switching my medications back and forth. I'm allergic to non-stimulant meds which is what the jail provides."

(*Id.* at PageID.14.)

The complaint then summarizes Michigan statutes dealing with the provision of mental health services for detained persons and for the involuntary admission of persons to mental health facilities. (*Id.* at PageID.15.)

Evans seeks "compensatory damages based on mental and emotional distress, impairment of reputation, and personal humiliation." (*Id.* at PageID.3.) He also seeks a "personal protection order" against all

5

Defendants and his release from custody until a determination of probable cause is made to support his detention. (*Id.*)

### III. Analysis

#### A. Insufficient Factual Allegations

It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing pro se complaint where plaintiff failed to specifically allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

Evans lists twelve Defendants in the complaint, but he does not associate any Defendant with any of the factual allegations in the complaint. For example, to the extent Evans claims he is being forced to

take medications that cause him harm or that he is being discriminated against due to his disability, he fails to identify what any Defendant did to cause the alleged harms. Accordingly, all the named Defendants are subject to dismissal for Evans' failure to make specific factual allegations against them. *See, e.g.*, *Gilmore*, 92 F. App'x at 190 ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

The complaint is subject to dismissal in its entirety for this reason alone. However, the Court will also discuss other deficiencies in Plaintiff's complaint below.

### B. American with Disabilities Act ("ADA")

The complaint alludes to the ADA, claiming that he is being discriminated against as a person who suffers from a "permanent mental disability." (ECF No. 1, PageID.3.) The Court construes Plaintiff's reference to the ADA as a claim under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

7

the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must allege facts which show that:

> (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disability.

*Williams v. Massey*, No. 24-12435, 2025 WL 2254526, at *7 (E.D. Mich. Aug. 7, 2025) (quoting *Gentry v. Grand Prairie Healthcare Servs.*, No. 1:24-CV-240, 2024 WL 2178307, at *10 (W.D. Mich. May 15, 2024)). In addition to failing to identify which of the named Defendants violated his rights under the ADA, Evans' complaint fails to allege what jail "service, program, or activity" he was qualified for but was nevertheless denied. He also fails to show how he was "otherwise discriminated against, by reason of [his] disability." *Id.* He thus fails to state a claim upon which relief may be granted under the ADA.

### C. Excessive Bail

Evans asserts that he is being held in custody under an excessive bail order in violation of the Eighth Amendment. (ECF No. 1, PageID.3.)

8

The Eighth Amendment prohibits excessive bail and fines, and the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. The Supreme Court has held that the Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (internal citations and quotations omitted) (citing *Ingraham v. Wright*, 430 U.S. 651, 664, 671 n.40 (1977)). The Eighth Amendment does not apply to someone in temporary custody of law enforcement; instead, "state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause." *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).). As such, Evans fails to state a claim under the Eighth Amendment.

Even if Evans had properly brought a Fourteenth Amendment claim, his claim would still fail. The police officers, attorneys, and witnesses/complainants named in the complaint cannot be held liable for

9

excessive bail orders because judges set bail for pretrial detainees, not these other individuals. *See Ghaith v. Rauschenberger*, 493 F. App'x 731, 739–40 (6th Cir. 2012); *see also Waller v. Barnes*, 2000 WL 1140757, at *2 (6th Cir. August 8, 2000).

Regarding any of the named magistrates or judges, who may have set Plaintiff's bail, judges are absolutely immune for their "judicial acts" as long as they have not acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Whether an action is "judicial" depends on the "nature of the act itself, *i.e.*, whether it is a function normally performed by a judge," and "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362. A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority;" if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Accordingly, the magistrates and/or judges named in the complaint are

10

entitled to judicial immunity to the extent Evans claims that they set excessive bail orders.

### D. Challenging his Confinement and Requesting Release From Custody

Finally, Evans appears to challenge his confinement as being illegal and claims he is entitled to release from custody. "[A] state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). "A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief." *Id.* (citing *Heck*, 512 U.S. at 489–90). This doctrine also applies to suits filed by pretrial detainees. *Id.*

Here, to the extent Plaintiff challenges his pretrial detainment and seeks release from custody, his claim must be dismissed. There is no indication, nor does he allege, "that the reason for his continued

11

confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Evans' claims challenging his confinement are therefore subject to summary dismissal.

## IV. Conclusion

For the reasons set forth above, the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

It is further ORDERED AND CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: September 23, 2025　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
